UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

**SAMUEL & STEIN**
Michael Samuel (MS 7997)
38 West 32nd Street
Suite 1110
New York, New York 10001
(212) 563-9884
michael@samuelandstein.com

*Attorneys for Plaintiffs and Proposed FLSA Collective*

| | |
|---|---|
| Danilo Mesa Reyes, and Yordy Silverio, on behalf of themselves and all other persons similarly situated,<br><br>Plaintiff,<br><br>- vs. –<br><br>Midas Property Management Corp, and David Vericha,<br><br>Defendants. | DOCKET NO. 17-cv-_____<br><br>**COMPLAINT** |

Plaintiffs Danilo Mesa Reyes and Yordy Silverio, by and through their undersigned attorneys, for their complaint against Defendants Midas Property Management Corp. and David Vericha, allege as follows, on behalf of themselves and on behalf of all other persons similarly situated:

## NATURE OF THE ACTION

1. Plaintiffs allege on behalf of themselves and on behalf of other similarly situated current and former employees of Defendants Midas Property Management Corp. and David Vericha, who elect to opt into this action pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b), that they are entitled to: (i) compensation from Defendants for wages paid at less than the statutory minimum wage required by the FLSA;

(ii) unpaid wages from Defendants for overtime work for which they did not receive overtime premium pay as required by law; and (iii) liquidated damages pursuant to the FLSA, 29 U.S.C. §§ 201 *et seq.*, because Defendants' violations lacked a good faith basis.

2. Plaintiffs further complain that they are entitled to (i) compensation for wages paid at less than the statutory New York minimum wage; (ii) back wages for overtime work for which Defendants willfully failed to pay overtime premium pay as required by the New York Labor Law §§ 650 *et seq.* and the supporting New York State Department of Labor regulations; (iii) compensation for Defendants' violation of the Wage Theft Prevention Act; and (iv) liquidated damages pursuant to New York Labor Law for these violations.

## **THE PARTIES**

3. Plaintiff Danilo Mesa is an adult individual residing in the Bronx, New York.

4. Plaintiff Yordy Silverio is an adult individual residing in New York, New York.

5. Plaintiffs consent in writing to be parties to this action pursuant to 29 U.S.C. § 216(b); their written consents are attached hereto and incorporated by reference.

6. Upon information and belief, Defendant Midas Property Management Corp. is a New York corporation with a principal place of business at 3605 Sedgwick Avenue, Bronx, New York 10463.

7. At all relevant times, Defendant Midas Property Management Corp. has been, and continues to be, an employer engaged in interstate commerce and/or the

production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

8. Upon information and belief, at all relevant times, Defendant Midas Property Management Corp. has had gross revenues exceeding $500,000.00.

9. Upon information and belief, at all relevant times herein, Defendant Midas Property Management Corp. has used goods and materials produced in interstate commerce, and has employed at least two individuals who handled such goods and materials.

10. Upon information and belief, at all relevant times, Defendant Midas Property Management Corp. has constituted an "enterprise" as defined in the FLSA.

11. Upon information and belief, Defendant David Vericha is an owner or part owner and principal of Midas Property Management Corp., who has the power to hire and fire employees, set wages and schedules, and maintain their records.

12. Defendant Vericha was involved in the day-to-day operations of Midas Property Management Corp. and played an active role in managing the business.

13. Defendants constituted "employers" of Plaintiffs as that term is used in the Fair Labor Standards Act and New York Labor Law.

## JURISDICTION AND VENUE

14. This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 and 1337 and supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367. In addition, the Court has jurisdiction over Plaintiffs' claims under the FLSA pursuant to 29 U.S.C. § 216(b).

15. Venue is proper in this district pursuant to 28 U.S.C. § 1391 because Defendants' business is located in this district.

## COLLECTIVE ACTION ALLEGATIONS

16. Pursuant to 29 U.S.C. § 207, Plaintiffs seeks to prosecute their FLSA claims as a collective action on behalf of all persons who are or were formerly employed by Defendants in the United States at any time since August 16, 2014, to the entry of judgment in this case (the "Collective Action Period"), who were non-exempt employees within the meaning of the FLSA, and who were not paid the statutory minimum wage or an overtime compensation at a rate of not less than one-and-one-half times the regular rate of pay for hours worked in excess of forty hours per workweek (the "Collective Action Members").

17. The Collective Action Members are similarly situated to Plaintiffs in that they were employed by Defendants as non-exempt restaurant workers, and were denied proper minimum wage and premium overtime pay for hours worked beyond forty hours in a week.

18. They are further similarly situated in that Defendants had a policy and practice of knowingly and willfully refusing to pay them overtime.

19. The exact number of such individuals is presently unknown, but is known by Defendants and can be ascertained through appropriate discovery.

## FACTS

20. At all relevant times herein, Defendants owned and operated a property management company in the Bronx.

21. Mr. Mesa was employed by defendants from approximately August 2015 through March 24, 2017.

22. Mr. Mesa was employed as a repair and construction worker. He was responsible for maintaining the interiors of the building using ceramics, plaster and cement.

23. Mr. Mesa's work was performed in the normal course of Defendants' business and was integrated into the business of Defendants, and did not involve executive or administrative responsibilities.

24. At all relevant times herein, Mr. Mesa was an employee engaged in commerce and/or in the production of goods for commerce, as defined in the FLSA and its implementing regulations.

25. When Mr. Mesa first started working for Midas Property Management Corp., he worked 5 days a week from approximately August 2015 through September 2016.

26. From approximately September 2016 until the end of his employment, Mr. Mesa worked 6 days per week.

27. Mr. Mesa's shifts always lasted from 8:00 A.M. until 6:00 P.M. each day.

28. Therefore, Mr. Mesa was working approximately 50 hours per week when he worked 5 days per week, and approximately 60 hours per week when he worked 6 days per week.

29. Defendants did not provide a time clock, sign in sheet, or any other method for employees to track their time worked.

30. From approximately August 2015 through September 2016 Mr. Mesa was paid $400 per week.

31. From approximately September 2016 until the end of his employment, Mr. Mesa was paid $520 per week.

32. Mr. Mesa was paid in part by check and in part in cash.

33. Throughout the time that Mr. Mesa was paid $400, he was always paid in cash.

34. Throughout the time that Mr. Mesa was paid $500, he was paid $150 by check and $370 in cash.

35. Mr. Silverio was employed by Defendants from approximately July 2014 through June 2017, with a gap of three weeks at one point.

36. Mr. Silverio was employed as an indoor construction worker. He was responsible for maintaining the interiors of the including cleaning, painting, plastering, and tiling floors.

37. Mr. Silverio's work was performed in the normal course of Defendants' business and was integrated into the business of Defendants, and did not involve executive or administrative responsibilities.

38. At all relevant times herein, Mr. Silverio was an employee engaged in commerce and/or in the production of goods for commerce, as defined in the FLSA and its implementing regulations.

39. Mr. Silverio worked 6 days a week in 2014 and 2015, with Sundays off.

40. Mr. Silverio's shifts lasted from 8:00 A.M. until 5:00 P.M. each day.

41. Mr. Silverio was therefore working roughly 54 hours per week when he worked 6 days per week.

42. From 2014 through November 2016 Mr. Silverio was paid $550 per week, $200 by check and $350 in cash.

43. From approximately December 2016 until the end of his employment, Mr. Silverio worked 5 days per week, Mondays through Fridays.

44. From approximately December 2016 until the end of his employment, Mr. Silverio worked from 9:00 A.M. until 5:00 P.M., for a total of 40 hours per week.

45. At that time, Mr. Silverio was paid $200 per week, in cash.

46. Defendants did not provide a time clock, sign in sheet, or any other method for employees to track their time worked.

47. Defendants failed to pay Plaintiffs at the correct statutory minimum wage rate at all times, in violation of the FLSA, the New York Labor Law, and the supporting New York State Department of Labor regulations.

48. Defendants' failure to pay Plaintiffs at the correct statutory minimum wage rate was willful, and lacked a good faith basis.

49. In addition, Defendants failed to pay Plaintiffs any overtime "bonus" for hours worked beyond 40 hours in a workweek, in violation of the FLSA, the New York Labor Law, and the supporting New York State Department of Labor regulations.

50. Defendants' failure to pay Plaintiffs the overtime bonus for overtime hours worked was willful, and lacked a good faith basis.

51. Defendants failed to provide Plaintiffs with written notices providing the information required by the Wage Theft Prevention Act – including, *inter alia*, their own contact information, their regular and overtime rates, and intended allowances claimed – and failed to obtain their signatures acknowledging the same, upon their hiring or at any time thereafter, in violation of the Wage Theft Prevention Act in effect at the time.

52. Defendants failed to provide Plaintiffs with complete weekly records of their compensation and hours worked, in violation of the Wage Theft Prevention Act. Although Plaintiffs received paystubs, the paystubs reflected only the check portion of their wages and did not comply with the requirements of New York's Wage Theft Prevention Act.

53. Upon information and belief, throughout the period of Plaintiffs' employment, both before that time (throughout the Collective Action Period) and continuing until today, Defendants have likewise employed other individuals like Plaintiffs (the Collective Action Members) in positions at Defendants' business that required little skill, no capital investment, and with duties and responsibilities that did not include any managerial responsibilities or the exercise of independent judgment.

54. Upon information and belief, Defendants have likewise failed to pay these other individuals at the correct statutory minimum wage rate, in violation of the FLSA and the New York Labor Law.

55. Upon information and belief, these other individuals have worked more than forty hours per week, yet Defendants have likewise failed to pay them overtime compensation of one-and-one-half times their regular hourly rate in violation of the FLSA and the New York Labor Law.

56. Upon information and belief, these other individuals were not provided with required wage notices or accurate weekly wage statements as specified in New York Labor Law §§ 195.1, 195.3, and the Wage Theft Prevention Act.

57. Upon information and belief, while Defendants employed Plaintiffs and the Collective Action members, and through all relevant time periods, Defendants failed to maintain accurate and sufficient time records or provide accurate records to employees.

## COUNT I

### (Fair Labor Standards Act – Minimum Wage)

58. Plaintiffs, on behalf of themselves and all Collective Action Members, repeat, reallege, and incorporate by reference the foregoing allegations as if set forth fully and again herein.

59. At all relevant times, Defendants employed Plaintiffs and the Collective Action Members within the meaning of the FLSA.

60. Defendants failed to pay compensation greater than the statutory minimum wage to Plaintiffs and the Collective Action Members for all hours worked.

61. As a result of Defendants' failure to compensate Plaintiffs and the Collective Action Members at a rate at least equal to the federal minimum wage for each hour worked, Defendants have violated, and continue to violate, the FLSA, 29 U.S.C. §§ 201 *et seq.*, including 29 U.S.C. §§ 206.

62. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

63. Due to Defendants' FLSA violations, Plaintiffs and the Collective Action Members are entitled to recover from Defendants their unpaid compensation, plus liquidated damages, reasonable attorneys' fees, and costs and disbursements of this action, pursuant to 29 U.S.C. § 216(b).

## COUNT II

### (Fair Labor Standards Act - Overtime)

64. Plaintiffs, on behalf of themselves and all Collective Action Members, repeat, reallege, and incorporate by reference the foregoing allegations as if set forth fully and again herein.

65. At all relevant times, Defendants employed Plaintiffs and each of the Collective Action Members within the meaning of the FLSA.

66. At all relevant times, Defendants had a policy and practice of refusing to pay overtime compensation to their employees for hours they worked exceeding forty hours per workweek.

67. As a result of Defendants' willful failure to compensate their employees, including Plaintiffs and the Collective Action Members, at a rate at least one-and-one-half times the regular rate of pay for work performed in excess of forty hours per workweek, Defendants have violated, and continue to violate, the FLSA, 29 U.S.C. §§ 201 *et seq.*, including 29 U.S.C. §§ 207(a)(1) and 215(a).

68. The foregoing conduct, as alleged, constituted a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a), and lacked a good faith basis within the meaning of 29 U.S.C. § 260.

69. Due to Defendants' FLSA violations, Plaintiffs and the Collective Action Members are entitled to recover from Defendants their unpaid overtime compensation, liquidated damages, interest, reasonable attorneys' fees, and costs and disbursements of this action, pursuant to 29 U.S.C. § 216(b).

## COUNT III

### (New York Labor Law – Minimum Wage)

70. Plaintiffs repeat, reallege, and incorporate by reference the foregoing allegations as if set forth fully and again herein.

71. At all relevant times, Plaintiffs were employed by Defendants within the meaning of the New York Labor Law, §§ 2 and 651.

72. Defendants willfully violated the rights of Plaintiffs by failing to pay them compensation at the minimum wage in violation of the New York Labor Law §§ 190-199, 652 and the applicable regulations.

73. Defendants' failure to pay compensation at the minimum wage was willful, and lacked a good faith basis, within the meaning of New York Labor Law § 198, § 663 and supporting regulations.

74. Due to Defendants' New York Labor Law violations, Plaintiffs are entitled to recover from Defendants their unpaid compensation, liquidated damages, interest, reasonable attorneys' fees, and costs and disbursements of the action, pursuant to New York Labor Law § 198, and § 663(1).

## COUNT IV

### (New York Labor Law - Overtime)

75. Plaintiffs repeat, reallege, and incorporate by reference the foregoing allegations as if set forth fully and again herein.

76. At all relevant times, Plaintiffs were employed by Defendants within the meaning of the New York Labor Law, §§ 2 and 651.

77. Defendants willfully violated Plaintiffs' rights by failing to pay them overtime compensation at rates at least one-and-one-half times their regular rate of pay for each hour worked exceeding forty hours per workweek in violation of the New York Labor Law §§ 650 *et seq.* and its supporting regulations in 12 N.Y.C.R.R. § 142.

78. Defendants' failure to pay overtime was willful, and lacked a good faith basis, within the meaning of New York Labor Law § 198, § 663 and supporting regulations.

79. Due to Defendants' New York Labor Law violations, Plaintiffs are entitled to recover from Defendants their unpaid overtime compensation, liquidated damages, interest, reasonable attorneys' fees, and costs and disbursements of the action, pursuant to New York Labor Law § 198, and § 663(1).

## COUNT V

### (New York Labor Law – Wage Theft Prevention Act)

80. Plaintiffs repeat, reallege, and incorporate by reference the foregoing allegations as if set forth fully and again herein.

81. At all relevant times, Plaintiffs were employed by Defendants within the meaning of the New York Labor Law, §§ 2 and 651.

82. Defendants willfully violated Plaintiffs' rights by failing to provide them with the wage notices required by the Wage Theft Prevention Act when they were hired, or at any time thereafter.

83. Defendants willfully violated Plaintiffs' rights by failing to provide them with weekly wage statements required by the Wage Theft Prevention Act at any time during their employment.

84. Due to Defendants' failure to provide compliant wage statements, Plaintiffs are entitled to recover from Defendants statutory damages of $100 per week through February 26, 2015, and $250 per day from February 27, 2015 through the end of their employment, up to the maximum statutory damages.

85. Due to Defendants' failure to provide wage notices, Plaintiffs are entitled to recover from Defendants statutory damages of $50 per week through February 26, 2015, and $50 per day from February 27, 2015 to the termination of their employment, up to the maximum statutory damages.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs respectfully request that this Court grant the following relief:

    a. Designation of this action as a collective action on behalf of the Collective Action Members and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of an FLSA Opt-In Class, apprising them of the pendency of this action, permitting them to assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. § 216(b), and appointing Plaintiffs and their counsel to represent the Collective Action members;

    b. A declaratory judgment that the practices complained of herein are unlawful under the FLSA and the New York Labor Law;

    c. An injunction against Defendants and their officers, agents, successors, employees, representatives, and any and all persons acting in concert with

them, as provided by law, from engaging in each of the unlawful practices, policies, and patterns set forth herein;

d. Compensatory damages for failure to pay the minimum wage pursuant to the FLSA and New York Labor Law;

e. A compensatory award of unpaid compensation, at the statutory overtime rate, due under the FLSA and the New York Labor Law;

f. An award of liquidated damages as a result of Defendants' willful failure to pay overtime compensation pursuant to 29 U.S.C. § 216;

g. Liquidated damages for Defendants' New York Labor Law violations;

h. Statutory damages for Defendants' violations of the New York Wage Theft Prevention Act;

i. Back pay;

j. Punitive damages;

k. An award of prejudgment and post-judgment interest;

l. An award of costs and expenses of this action together with reasonable attorneys' and expert fees; and

m. Such other, further, and different relief as this Court deems just and proper.

Dated: August 17, 2017

/s/ *Michael Samuel*
Michael Samuel, Esq.
SAMUEL & STEIN
38 West 32nd Street
Suite 1110
New York, New York 10001
(212) 563-9884

*Attorneys for Plaintiffs and Proposed FLSA Collective*

# EXHIBIT A

## CONSENT TO SUE

By my signature below, I hereby authorize the filing and prosecution of claims in my name and on my behalf to contest the failure of Midas Property Management Corp. and its owners and affiliates to pay me, *inter alia*, minimum wage and overtime wages as required under state and/or federal law and also authorize the filing of this consent in the lawsuit challenging such conduct, and consent to being named as a representative plaintiff in this action to make decisions on behalf of all other plaintiffs concerning all aspects of this lawsuit. I have been provided with a copy of a retainer agreement with the law firm of Samuel & Stein, and I agree to be bound by its terms.

Con mi firma abajo, autorizo la presentación y tramitación de reclamaciones en mi nombre y de mi parte para impugnar el fallo de Midas Property Management Corp. mi y sus propietarios y afiliados a me pagan, entre otras cosas, el salario mínimo y pago de horas extras, requerida en el estado y / o la ley federal y también autorizan la presentación de este consentimiento en la demanda contra ese tipo de conducta, y el consentimiento para ser nombrado como demandante representante en esta acción para tomar decisiones en nombre de todos los demás demandantes en relación con todos aspectos de esta demanda. Se me ha proporcionado una copia de un acuerdo de retención con la firma de abogados de Samuel y Stein, y estoy de acuerdo en estar obligado por sus términos.

*[Signature]*
_____
Danilo Mesa Reyes

Date: June 21, 2017

# CONSENT TO SUE

By my signature below, I hereby authorize the filing and prosecution of claims in my name and on my behalf to contest the failure of Midas Property Management Corp. and its owners and affiliates to pay me, *inter alia*, minimum wage and overtime wages as required under state and/or federal law and also authorize the filing of this consent in the lawsuit challenging such conduct, and consent to being named as a representative plaintiff in this action to make decisions on behalf of all other plaintiffs concerning all aspects of this lawsuit. I have been provided with a copy of a retainer agreement with the law firm of Samuel & Stein, and I agree to be bound by its terms.

Con mi firma abajo, autorizo la presentación y tramitación de reclamaciones en mi nombre y de mi parte para impugnar el fallo de Midas Property Management Corp. mi y sus propietarios y afiliados a me pagan, entre otras cosas, el salario mínimo y pago de horas extras, requerida en el estado y / o la ley federal y también autorizan la presentación de este consentimiento en la demanda contra ese tipo de conducta, y el consentimiento para ser nombrado como demandante representante en esta acción para tomar decisiones en nombre de todos los demás demandantes en relación con todos aspectos de esta demanda. Se me ha proporcionado una copia de un acuerdo de retención con la firma de abogados de Samuel y Stein, y estoy de acuerdo en estar obligado por sus términos.

_____
Yordy B. Silverio

Date: August 8, 2017