## SETTLEMENT AGREEMENT AND RELEASE

This Settlement Agreement and Release ("Agreement") is entered into between and among 20 West Properties LLC, David Vericha, Midas Property Management, ("Defendants"), and Danilo Mesa Reyes, Yordy Silverio and Andrew Rivera Soto, collectively, "Claimants"). Defendants and Claimants are collectively referred to as the "Parties."

## RECITALS

WHEREAS, Claimants claim that Defendants failed to pay proper wages to them under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA") and New York Labor Law ("NYLL");

WHEREAS, Defendants denies Claimants' allegations;

WHEREAS, the Parties engaged in arms-length negotiations on several occasions during the pendency of this matter;

WHEREAS, the purpose of this Agreement is to settle fully and finally all Claims that Claimants have or may have against Defendants;

WHEREAS, the Parties' respective counsel have analyzed and evaluated the merits of Claimants' claims and Defendants's defenses to those claims, and based upon those analyses and evaluations, and recognizing the substantial risks of continued litigation, the Parties are satisfied that the terms and conditions of this Agreement are fair, reasonable and adequate, and that this Agreement is in the Parties' best interest;

NOW THEREFORE, the Parties, intending to be legally bound, and in consideration of the mutual covenants and promises set forth in this Agreement, agree as follows:

## AGREEMENT

**1. DEFINITIONS**   The terms set forth below shall be defined as follows:

    **1.1.** **Agreement**. The "Agreement" refers to this Settlement Agreement and Release.

    **1.2.** **Defendants**. "Defendants" means 20 West Properties LLC, David Vericha, Midas Property Management, any and all members, partners, owners, employees, agents or any connection to these entities whatsoever

    **1.3.** **Defendants's Counsel**. "Defendants's Counsel" means Matthew Persanis of Elefante and Persanis, 141 Hillside Place, Eastchester, New York 10709.

    **1.4.** **Negotiated Settlement Payment.** "Negotiated Settlement Payment" means the Seventy- Five Thousand Dollars ($75,000.00) the Defendants agree to pay to settle the claims.

    **1.5.** **Claimants.** "Claimants" means.  Danilo Mesa Reyes, Yordy Silverio and Andrew Rivera Soto,

**1.6.** **Claimants' Counsel.** "Claimants' Counsel" means Michael Stein, Samuel & Stein, 38 West 32Nd St. NY, NY 10001

**1.7.** **Parties.** "Parties" means and refers to the Claimants and Defendants.

**1.8.** **Settlement**. "Settlement" means the terms of the settlement of these claims which are embodied fully in this Agreement.

**1.9.** **Dispute.** "Dispute" means any and all claims Claimants may have against Defendants, their agents, partners, owners, employees, family members, or any person connected to any Defendant for any claims whatsoever, and encompasses all of the communications and negotiations between the Parties and their respective counsel pertaining to the resolution of those claims.

## 2. SETTLEMENT PAYMENTS

**2.1.** **Negotiated Settlement Payment and Distribution to Claimants**.

a. Defendants agrees to pay the Negotiated Settlement Payment of Seventy Five Thousand Dollars ($75,000.00) for the purpose of settling these claims. This amount shall be divided as follows:

$25,000.00 to Samuel and Stein

$16,666.66 to Danilo Mesa Reyes (split as follows $8,333.33 on a W2 $8,333.33 as liquidated damages)

$16,666.66 to Yordy Silverio (split as follows $8,333.33 on a W2 $8,333.33 as liquidated damages)

$16,666.66 to Andrew Rivera Soto (split as follows $8,333.33 on a W2 $8,333.33 as liquidated damages)

b. On no later than 10 business days after the Defendants receive an Agreement signed by the Claimants along with proof of the filing of a fully executed Consent to dismissal of all claims, Defendants shall deliver to Claimants' Counsel the Negotiated Settlement Payment.

**2.2.** In the event that the Plaintiff does not receive the payment from Defendants on or before the date that said payment is due, the Plaintiff shall notify Defendants' Counsel by email at the email address specified below in this Agreement (the "Breach Notice"). Defendants will have ten (10) days from the date a Breach Notice is emailed to cure the breach (the "Cure Period").

**2.3.** Failure to make the scheduled payment within the cure period shall constitute a material breach and shall cause all remaining compensation owed by Defendants to Plaintiffs and Plaintiffs' Counsel under this Agreement to become immediately due and payable, and shall entitle Plaintiffs to apply for a default judgment before the United States District Court for the Southern District of New York – or any other court of competent jurisdiction – against any and all Defendants without further notice for the accelerated amount of 150% of the Settlement Sum, less amounts already

paid, pursuant to this Agreement, along with reasonable attorneys' fees incurred in entering and enforcing the judgment, and statutory interest and costs. This amount is not a penalty, but reflects the actual and statutory damages and costs Plaintiffs believe they could recover at trial.

**2.4.    Settlement Amounts Payable As Attorneys' Fees And Costs.**

a.    From the Negotiated Settlement Payment, Claimants' Counsel shall receive $25,500.00 as attorney's fees.  We have waived our filing and service of process fees.

**2.5.    Taxes.**

a.    For tax purposes, the payments to Claimants under Section 2.1 shall be allocated as wages, as set forth in Section 2.1(b).

b.    Payments treated as wages pursuant to Section 2.3(a) shall be made net of all applicable employment taxes, including, without limitation, federal, state and local income tax withholding and the employees' share of the FICA tax, and shall be reported to the Internal Revenue Service ("IRS") and the payee under the payee's name and social security number (or Individual Tax Identification Number ("ITIN") on an IRS Form W-2.

c.    Payments of attorneys' fees and costs pursuant to Section 2.2 shall be made without withholding and reported to the IRS for the payee and Claimant on IRS Form 1099.  Claimants' Counsel shall provide its taxpayer identification number within 10 days after Defendants executes this Agreement.

d.    Claimants acknowledge and agree that they have not relied upon any advice from Claimants' Counsel or Defendants as to the taxability of the payments received pursuant to this Agreement.

**3. RELEASES**

**3.1.    Claims Released by Claimants.**  In exchange for the Negotiated Settlement Payment set forth in Section 2 of this Agreement, and other valuable consideration set forth elsewhere in this Agreement to which Claimants are not otherwise entitled, Claimants for themselves, and their spouses and families, attorneys, agents, executors, administrators, personal representatives, heirs, successors, any future estates, assigns and beneficiaries, and any and all of them (collectively, the "Releasors"), knowingly, voluntarily and with the advice of counsel, fully and forever release, waive, and discharge the Defendants, its present or former officers, directors, subsidiaries, affiliates, partners, employees, agents, attorneys, accountants, executors, administrators, personal representatives, heirs, predecessors, successors and assigns, (collectively, the "Releasees") from:

a.    any and all FLSA and NYLL wage-and-hour claims arising up to and including the date Claimants sign this Agreement, whether known or unknown, whether contingent or non-contingent, specifically asserted or not, which the Releasors, or any of them, may assert anywhere in the world against the Releasees, or any of them, relating to FLSA violations or NYLL wage-and-hour claims arising as a result of their employment as laborers; and

b.    any and all claims, whether federal or state claims, for pay, attorney fees, or liquidated damages which arise from employment with the Defendant.

**4.**

    **4.1.** **Release Upon Payment.** Upon Claimants' receipt of the Negotiated Settlement Payment in full the release in Section 3.1 will become effective.

    **4.2.** **Non-Admission of Liability.** By entering into this Agreement, Defendants in no way admits any violation of law or any liability whatsoever to Claimants, all such liability being expressly denied. Rather, Defendants enters into this Agreement to avoid litigation and to resolve and settle all disputes with Claimants. The Parties understand and agree that neither this Agreement, nor the negotiations that preceded it, shall be used as evidence with respect to the claims asserted in this Dispute or in any other proceeding, litigation or dispute whatsoever.

    **4.3.** **Complete Relief.** The Parties acknowledge that this Agreement does not limit any Party's right, where applicable, and only to the extent such right cannot be waived, to file or participate in an investigative proceeding of any federal, state or local governmental agency, but Claimants may not seek any monetary damages, relief or recovery in such a proceeding.

**5. MUTUAL NON-DISPARAGEMENT & FUTURE EMPLOYMENT**

    **5.1.** **Mutual Non-Disparagement.**

    a.    The Parties agree that they will not make any statements, either oral or written, or take any other actions that would reasonably be considered disparaging of the other, except as required by court order, subpoena, or otherwise by law.

    b.    Nothing in this provision or any other provision of this Agreement is intended to, nor shall it be construed to:

        i.    Prohibit Claimants from discussing the fact that they were employed by Defendants, or their duties during their employment with Defendants; or

        ii.    Prohibit Defendants from discussing the fact that they employed Claimants, as set forth in Section 4.1(c).

    c.    Defendants agrees that they will provide a neutral response to any third-party requests for employment references for Claimants, consisting solely of Claimants' dates of employment, job title(s), and job duties. If a third-party requests any additional information, Defendants will inform the requestor that further information is not permitted pursuant to Defendants's policies.

**6. MISCELLANEOUS**

    **6.1.** **Entire Agreement.** This Agreement constitutes the entire Agreement between the Parties. All prior and contemporaneous negotiations and understandings between the Parties shall be deemed merged into and superseded by this Agreement.

    **6.2.** **Binding Effect.** This Agreement shall be binding upon and inure to the benefit of the Parties.

**6.3.   Arm's Length Transaction; Materiality of Terms.** The Parties have negotiated the terms and conditions of this Agreement at arm's length, through authorized counsel. No term of this Agreement will be construed against either Party, as this entire Agreement is the result of arm's-length negotiations between the Parties. All terms and conditions of this Agreement in the exact form set forth in this Agreement are material to this Agreement and have been relied upon by the Parties in entering into this Agreement.

**6.4.   Captions.** The captions or headings of the Sections and paragraphs of this Agreement have been inserted for convenience of reference only and shall have no effect upon the construction or interpretation of any part of this Agreement.

**6.5.   Construction.** The terms and conditions of this Agreement have been negotiated by mutual agreement of the Parties. Therefore the terms and conditions of this Agreement are not intended to be, and shall not be, construed against any drafting Party.

**6.6.   Governing Law.** This Agreement shall in all respects be interpreted, enforced and governed by and under the laws of the State of New York, without regard to choice of law principles, to create a full and complete settlement and waiver of claims. To the extent that the law of the United States governs any matter set forth herein, such Federal law shall govern and shall create a full and complete settlement and waiver of claims, as set forth herein (as well as the above Recitals, which have been incorporated fully).

**6.7.   Amendment**. This Agreement may not be modified, altered, or changed except upon express written consent of both of the Parties wherein specific reference is made to this Agreement.

**6.8.   Effective Date.** This Agreement shall become effective following its execution by the Parties.

**6.9.   Attorney's Fees and Costs.** Except as specifically provided in Section 2.2 of the Agreement, each Party shall be solely responsible for its or their own attorneys' fees and costs in connection with the Dispute.

**6.10.   Fair and Reasonable Settlement.** The Parties agree that this Agreement and the payments called for by this Agreement are fair and reasonable to all Parties, and that those payments and the other terms of this Agreement constitute a fair and reasonable settlement of the claims made in the Dispute. The Parties also agree that there was no undue influence, duress, overreaching, collusion or intimidation in reaching this Agreement, and that both Parties have sought and received the advice of competent counsel as to the meaning and effect of each of the terms of this Agreement before agreeing to sign it.

**6.11.   Severability**. In the event that any provision of this Agreement or the application thereof should be held to be void, voidable, unlawful or, for any reason, unenforceable, the remaining portion and application shall remain in full force and effect, and to that end the provisions of this Agreement are declared to be severable.

**6.12.   Counterparts**. This Agreement may be executed in counterparts, each of which shall be deemed as an original but all of which shall constitute one and the same instrument. Signature pages may be executed by "wet" signature (i.e., using pen and paper) or electronic signature (e.g.,

signature (e.g., via DocuSign). The executed signature pages may be delivered using facsimile or electronic means, including pdf or similar file type transmitted via email, cloud-based server, or e-signature technology.

IN WITNESS WHEREOF, the parties hereto knowingly and voluntarily executed this Settlement Agreement and Release as of the date(s) set forth below:

CLAIMANT

_____
Danilo Mesa Reyes

Date:_____

CLAIMANT

_____
Yordy Silverio

Date:_____

CLAIMANT

_____
Andrew Rivera Soto
Date:_____

CLAIMANT

_____
Yordy Silverio

Date:_____

DEFENDANT

*[signature]*
_____
for 20 West Properties LLC,

Date: 3/27/19

DEFENDANT

*[signature]*

David Vericha

Date: 3/27/19

DEFENDANT:

*[signature]*

Midas Property Management

Date: 3/27/19

via DocuSign). The executed signature pages may be delivered using facsimile or electronic means, including pdf or similar file type transmitted via email, cloud-based server, or e-signature technology.

IN WITNESS WHEREOF, the parties hereto knowingly and voluntarily executed this Settlement Agreement and Release as of the date(s) set forth below:

CLAIMANT

_____
Danilo Mesa Reyes
Date: 3/27-19

CLAIMANT

_____
Yordy Silverio
Date: 3/27/19

CLAIMANT

_____
Andrew Rivera Soto
Date: 3/26/2019

CLAIMANT

_____
Yordy Silverio

Date:_____

DEFENDANT

_____
for 20 West Properties LLC,

Date:_____

_____

DEFENDANT

_____

David Vericha

Date: _____

DEFENDANT:

_____

Midas Property Management

Date:_____

2